UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN MIRIANI, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:05CV00061 RWS |
| | ) |
| SODEXHO OPERATIONS, LLC., | ) |
| | ) |
| Defendant(s). | ) |

# MEMORANDUM AND ORDER

Defendant Sodexho Operations, LLC. filed a Motion to Enforce Settlement [#39]. Sodexho claims that Plaintiffs and Sodexho have a contract that settles Plaintiffs' claims, which Plaintiffs refuse to fully execute. Sodexho moves to enforce the agreement and seeks fees and costs incurred in preparing this motion.

### *Background*

On October 24, 2005, the parties participated in Court-ordered mediation. At the mediation, the four plaintiffs present and their counsel represented that they had the authority to settle the claims on behalf of *all* plaintiffs. Although the mediation ended with no resolution, the parties continued settlement discussions.

On January 13, 2006, Plaintiffs made an offer to settle the named Plaintiffs' individual claims. Sodexho accepted this settlement offer on January 18, 2006. On January 27, 2006, the parties filed a Joint Motion to Pass for Settlement notifying me that a settlement had been reached. The parties continued their discussions regarding documenting the settlement. No fewer than seven versions of the Settlement Agreement. were exchanged between the parties.

On March 14, 2006, the parties reached an agreement on all the terms of the settlement. After settlement was reached, only half of the Plaintiffs signed the agreement. In May 2006, Plaintiffs' counsel notified Sodexho's counsel that approximately 15 plaintiffs refused to sign the agreement because of a concern about one term in the Settlement Agreement. Plaintiffs proposed one additional change to the Settlement Agreement. In an effort to satisfy the holdout Plaintiffs' concerns, Sodexho agreed to the amended Settlement Agreement on June 22, 2006. To date, Plaintiffs have failed to fully execute the Agreement.

### *Legal Standard*

Under Missouri law an attorney is presumed to have the authority to settle a case if the attorney expressly states he has such authority or negotiates as though he does. Glass v. Kirkland, 29 F.3d 1266, 1269 (8th Cir. 1994) (citing Barton v. Snellson, 735 S.W.2d 160, 163 (Mo.Ct.App. 1987); Leffler v. Bi-State Development Agency, 612 S.W.2d 835, 837 (Mo. Ct. App. 1981)). The presumption of express authority can only be overcome if the non-movant proves its counsel lacked the express authority to settle the claims. Leffler, 612 S.W.2d at 837.

In addition, to enforce a settlement, the moving party must show that the parties reached an agreement on the essential terms of the settlement. Kenner v. City of Richmond Heights, Mo., 356 F. Supp. 2d 102, 1007 (E.D. Mo. 2005) (citing Sheng v. Starkey Laboratories, 117 F.3d 1081, 1083 (8th Cir. 1981); Sheng v. Starkey Laboratories, 53 F.3d 192, 194 (8th Cir. 1995)). "Even if the parties have left some details for counsel to work out through further negotiation, a legal, valid settlement agreement still exists." Id. at 1008 (citing Sheng, 117 F.3d at 1083; Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir. 1985).

### *The Parties Settled the Case*

It is undisputed that the four plaintiffs who were at the mediation and their counsel represented that they had the authority to settle the claims on behalf of all Plaintiffs. These four

plaintiffs and their counsel therefore are presumed to have had express authority to settle the claims. Glass v. Kirkland, 29 F.3d at 1269.

On June 18, 2006, the parties reached a settlement on the essential terms of the agreement. In order to resolve the case, Sodexho accepted Plaintiffs' demand of $50,000 to settle the named plaintiffs' individual claims in exchange for a full release. The fact that the parties left some details for counsel to work out through further negotiation does not negate this agreement's status as a legal, valid settlement. Kenner, 356 F. Supp. 2d at 102. The essential terms of the settlement were agreed upon and the settlement will be enforced.

Sanctions are not appropriate. Sodexho seeks sanctions pursuant to Local Rule 6.05(A). This local rule requires parties to participate in the ADR process in good faith. Good faith participation in ADR does not require settlement. Nick v. Mortgan's Foods, Inc., 99 F.Supp.2d 1056, 1061 (E.D. Mo. 2000). Sodexho has put forth no facts that the plaintiffs failed to fully participate in ADR in good faith. Subsequent settlement negotiations after ADR are not governed by Local Rule 6.05(A). I find that Plaintiffs participated in ADR in good faith and did not subsequently evidence bad faith justifying sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Enforce Settlement [#39] is **GRANTED** in part and **DENIED** in part. Defendant's Motion to Enforce Settlement is **GRANTED** as to enforcing the settlement agreement attached as Exhibit O to Defendant's Motion to Enforce Settlement and **DENIED** as to sanctioning the Plaintiffs.

**IT IS FURTHER ORDERED** that Defendant shall show cause, in writing, **no later than ten days from the date of this order**, as to why I should not remove the seal on Defendant's Motion to Enforce Settlement.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2006.